UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN MARIE TOOMEY,

                              Plaintiff,

                                                          Case # 15-CV-730-FPG

v.
                                                          DECISION AND ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Karen Marie Toomey ("Toomey" or "Plaintiff") brings this action pursuant to the Social

Security Act ("the Act") seeking review of the final decision of the Commissioner of Social

Security ("the Commissioner") that denied her application for Supplemental Security Income

("SSI") under Title XVI of the Act.  ECF No. 1.  This Court has jurisdiction over this action

under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  ECF Nos. 9 and 12.  For the reasons stated below, this Court

finds that the Commissioner's decision is not in accordance with the applicable legal standards.

Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this

matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On May 23, 2011, Toomey protectively filed an application for SSI with the Social

Security Administration ("SSA").  Tr.[1] 75, 93.  She alleged that she had been disabled within the

meaning of the Act since February 19, 2011 due to depression, bulging discs, deep vein

thrombosis, anxiety, and hypoglycemia.  *Id.*  After her application was denied at the initial

---

[1]      References to "Tr." are to the administrative record in this matter.

administrative level, a hearing was held before Administrative Law Judge Timothy M. McGuan ("the ALJ") on February 12, 2013 in which the ALJ considered Toomey's application *de novo*. Tr. 38-61. Toomey appeared at the hearing with her attorney and testified. *Id.* Don Schrader, a Vocational Expert ("VE"), also appeared and testified. Tr. 54-60. On July 11, 2013, the ALJ issued a decision finding that Toomey was not disabled within the meaning of the Act. Tr. 19-30. That decision became the Commissioner's final decision when the Appeals Council denied Toomey's request for review on December 15, 2014. Tr. 3-5. Toomey commenced this action on August 14, 2015, seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.   Disability Determination

Determination of whether a claimant is disabled within the meaning of the Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant

"retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's decision analyzed Toomey's claim for benefits under the process described above.  At step one, the ALJ found that Toomey had not engaged in substantial gainful activity since May 23, 2011, the application date. Tr. 21.  At step two, the ALJ found that Toomey has the following severe impairments: degenerative disc disease of the lumbar and thoracic spines with small herniated discs with no cord compression; facet arthropathy of the lumbar spine; osteoarthritis of the knees; and deep vein thrombosis, reasonably controlled with medication.  Tr. 21-22.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 22.

Next, the ALJ determined that Toomey retained the RFC to perform the full range of sedentary work.[2]  Tr. 23-29.  At step four, the ALJ indicated that Toomey had no past relevant work.  Tr. 29.  She periodically worked part time, but her earnings did not show substantial gainful activity for 12 months at any time in the past 15 years. *Id.*

At step five, the ALJ relied on the VE's testimony and found that Toomey is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience.  Tr. 29-30.  Specifically, the VE testified

_____

[2]      "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 416.967(a).

that Toomey could work as an account clerk, eye glass frame polisher, telephone solicitor, or telemarketer. Tr. 29-30. Accordingly, the ALJ concluded that Toomey was not "disabled" under the Act. Tr. 30.

## II.    Analysis

Toomey argues that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to indicate what weight he assigned to the opinion of consultative examiner Harbinder Toor, M.D. ("Dr. Toor") and to explain how the RFC was consistent with that opinion. ECF No. 9-1, at 15-18.[3] The Commissioner argues that the ALJ's RFC is consistent with Dr. Toor's opinion and that, even if it is not, the ALJ's discussion of the medical record allows this Court to "glean the rationale" behind the ALJ's RFC determination. ECF No. 12-1. at 9-12. For the reasons that follow, this Court finds that the RFC determination was not supported by substantial evidence, which requires remand of this matter for further administrative proceedings.

The SSA's regulations require the Commissioner to "evaluate every medical opinion it receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997) (citing 20 C.F.R. § 404.1527(c)), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. § 416.927(c); *see also* 20 C.F.R. § 416.927(e)(2)(ii) ("Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical [] consultant . . . , as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the SSA]."). The ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) whether the opinion was rendered by a treating source; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is

---

[3]      Toomey advances another argument that she believes requires reversal of the Commissioner's decision. However, because this Court disposes of this matter based on the improper RFC determination, that argument need not be reached.

consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

Here, Dr. Toor's opinion was the only physical medical opinion of record. Tr. 624-628. His medical source statement provided that "[Toomey] has moderate limitation standing, walking, and sitting a long time. She has moderate to severe limitation bending, heavy lifting, or squatting. Her migraine headache can interfere with her routine. . . . She has moderate limitation doing exertion because of history of on and off chest pain." Tr. 627. The ALJ recited Dr. Toor's findings in his decision, including the medical source statement, but did not analyze how Dr. Toor's opinion supported the RFC determination that Toomey could perform the full range of sedentary work. Tr. 24. Toomey asserts that, because sedentary work is generally performed in the seated position and Dr. Toor opined that she is "moderately" limited in sitting for a long time, the ALJ was required to explain the rationale behind the RFC. ECF 9-1, at 17. This Court agrees.

A claimant is not necessarily rendered disabled simply because he or she is moderately limited in sitting or standing. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Id.* (citations omitted). Under these circumstances, however, the ALJ is required "to discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light [or sedentary] work." *Id.* (citation omitted) (remanding for a more thorough analysis of the opinion evidence of record); *see also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4

(W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."). Here, the ALJ provided no explanation as to how Toomey could perform sedentary work despite the fact that Dr. Toor opined that she was moderately limited in sitting for a long time. This error requires remand.

The Commissioner's primary argument in support of the ALJ's decision is that the ALJ was not required to explicitly set forth and analyze every piece of evidence in the record, *i.e.*, Dr. Toor's opinion, because this Court can "glean the rationale" of the ALJ's decision based on the other medical evidence that he discussed. ECF No. 12-1, at 10. This Court disagrees.

Although the Commissioner accurately states the law, *see e.g. Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983), those principles do not apply here. Dr. Toor's opinion was the only physical medical opinion of record, and thus it required the ALJ's consideration and explanation. *See* 20 C.F.R. § 416.927(e)(2)(ii). Moreover, this Court cannot "glean the rationale" of the ALJ's decision based on his recitation of the medical evidence, which lacks any explanation connecting that evidence to the RFC determination. Tr. 23-28. The ALJ's lengthy summary of the medical evidence consists of raw medical data only and fails to address Toomey's functional abilities. *Id.* "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings[.]" *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (quoting *Dailey v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010), *report and recommendation adopted*, No. 09-CV-99A, 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010)). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely

diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Wilson*, 2015 WL 1003933, at \*21 (citation omitted).

Finally, this Court is troubled that the ALJ ultimately rationalizes his RFC determination by concluding that "[a]s for the opinion evidence, no physician has reported the claimant is totally disabled." Tr. 28. The SSA's regulations provide that the Commissioner is responsible for determining whether a claimant is disabled under the Act. 20 C.F.R. 416.927(d)(1). In other words, a medical source statement that the claimant is "disabled" or "unable to work" does not mean that the claimant is automatically disabled, and the lack of such a statement does not mean that the claimant is able to work. *Id.* Thus, the ALJ's assertion is unpersuasive and once again fails to illuminate how he arrived at his RFC determination.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July ___, 2016
     Rochester, New York

 

                                       _____
                                       HON. FRANK P. GERACI, JR.
                                       Chief Judge
                                       United States District Court